## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SARA WILSON,<br>1325 North Pierce Street<br>Apt. 404<br>Arlington, VA 22209<br>On behalf of herself and all<br>others similarly situated, | \| |
| Plaintiffs, | \| Civil Action No.: <u>14-cv-1522</u> |
| vs. | \| |
| HUNAM INN, INC. d/b/a<br>COBALT/30 DEGREES<br>1639 R St. NW<br>Washington, D.C. 20009 | \| |
| Serve On:<br>David Perruzza<br>1335 Ingraham Street NW<br>Washington, D.C. 20011 | \| |
| and | \| |
| DONALD ERIC LITTLE,<br>9100 Riverside Drive<br>Fort Washington, MD 20744, | \| |
| and | \| |
| DAVID PERRUZZA<br>1335 Ingraham Street NW<br>Washington, D.C. 20011 | \| |
| Defendants. | \| |

---

## COMPLAINT

Plaintiff Sara Wilson ("Plaintiff"), on behalf of herself and all others similarly situated

(collectively "Plaintiffs"), by and through undersigned counsel, hereby submit her Complaint

against Defendants Hunam Inn, Inc., d/b/a/ Cobalt/30 Degrees, Donald Eric Little, and David

Perruzza (collectively "Defendants") to recover damages under the Federal Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act

Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the Commonwealth of Virginia who was employed

by Defendants as a bartender in Washington, D.C.

2.      Defendant Hunam Inn, Inc. is a corporation organized and existing under the laws

of the District of Columbia, which operates, maintains and controls an establishment known as

Cobalt/30 Degrees, located at 1639 R St. NW, Washington, DC 20009, in the district (the

"Establishment").

3.      Defendant Donald Eric Little is an officer and owner of Defendant Hunam Inn,

Inc. with primary responsibility for the operation and management of the Establishment,

including establishing working conditions and controlling the schedule and wages paid to

individuals working for Defendant Hunam Inn, Inc.

4.      Defendant David Perruzza is an officer of Defendant Hunam Inn, Inc. with

primary responsibility for the operation and management of the Establishment, including

establishing working conditions and controlling the schedule and wages paid to individuals

working for Defendant Hunam Inn, Inc.

5.      At all times during the period of Plaintiffs' employment, both Defendants Little

and Perruzza had the power to hire, fire, suspend, and otherwise discipline Plaintiff and all others

similarly situated.

6.      At all times during the period of Plaintiffs' employment, Defendants Little and Perruzza supervised Plaintiffs' work duties to ensure Plaintiffs' work was of sufficient quality.

7.      At all times during the period of Plaintiffs Defendants were responsible for maintaining all employment records for Plaintiffs.

8.      At all times, Defendants were Plaintiffs'  "employer" for purposes of the FLSA and DCMWA.

9.      At all times, Defendants were engaged in commerce within the meaning of § (3)(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

10.      At all times, Defendants had gross annual revenues exceeding $500,000 and otherwise qualified as an "enterprise" within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(r)).

11.      At all times, Plaintiffs were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

12.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce . . . ." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 relating to Federal Question Jurisdiction.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## **FACTS**

13.      Plaintiff was employed by Defendants as a bartender in the last three years.

14.      While in Defendants' employ, Plaintiff was paid an hourly wage of less than the minimum wage in the District of Columbia.

15.     At all times during Plaintiffs' employ, Plaintiff worked between 32 and 42 hours per week.

16.     During the time Plaintiff was employed by Defendants, Defendants terminated the cleaning staff at the Establishment.

17.     After the cleaning staff was terminated, Defendants required Plaintiff and all other similarly situated bartenders employed by Defendants to perform all the cleaning duties including cleaning the Establishment's public and private areas including bathrooms.

18.     Despite performing these additional cleaning duties, Defendants paid Plaintiffs below the minimum wage of for all work performed.

19.     Plaintiffs were not paid for overtime work.

20.     Plaintiff and all similarly situated bartenders were required to share their tips with non-tipped employees.

21.     Plaintiffs were required to give bar-backs 20% of the tips Plaintiffs received.

22.     Plaintiffs were required to give floor employees a minimum of $20 each night from the tips Plaintiffs received.

23.     Neither bar-backs nor floor employees customarily or regularly received tips from customers.

24.     Defendants hired Plaintiff and all similarly situated bartenders, had the ability to discipline them, fire them, schedule them, and adjust their schedules and wages.

25.     Defendants, at all times, supervised Plaintiffs' work duties and job performance to ensure Plaintiffs' work was of sufficient quality.

26.     At all times, while Plaintiff and all other similarly situated bartenders were employed by Defendants, their pay and opportunity for wages and income was limited to the pay method set exclusively by Defendants.

27.     At all times while Plaintiff and all other similarly situated bartenders were employed by Defendants, Defendants were in the business of operating a night club in which alcoholic drinks were served.

28.     Plaintiff and all other similarly situated bartenders did not perform work that is exempt from the minimum wage requirement of the FLSA or the DCMWA.

## CLASS ACTION ALLEGATIONS

29.     The class members are current and former bartenders of Defendants who were required to perform non-exempt work without full payment of wages and overtime wages earned and who were required to share their tips with non-tipped employees.

30.     The class members are therefore defined as those employees who fall within the meaning of the following definition:

> All current and former bartender employees employed by Defendants in the District of Columbia who were required to perform non-exempt work at a rate less than the minimum wage established in the District of Columbia and who were required to share their tips with non-tipped employees and/or who were not paid over-time wages for all hours worked in excess of 40 in any given work week.

31.     On any given night, up to 15 bartenders are scheduled to work at the Establishment.

32.     Therefore, on information and belief, during the three years prior to the filing of this action, Defendants employed more than 100 bartenders who were subject to D.C. wage payment violations for which relief is sought on behalf of the class.

33.     The DCMWA claims arising under the Complaint are properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.     The named Plaintiff will adequately represent the interest of the class members because Plaintiff is similarly situated to the class members and Plaintiff's claims are typical of, and concurrent to, the claims of the other class members.

35.     There are no known conflicts of interest between Plaintiff and the other class members.

36.     Class counsel, Ken C. Gauvey and the Law Practice of Ken C. Gauvey, are qualified and able to litigate Plaintiffs' claims.

37.     The law firm that represents Plaintiffs concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under Federal wage and overtime laws.

38.     Common questions of law and fact predominate in this action because all of the class claims implicate the same wage laws of the District of Columbia.

39.     The class action is maintainable under Federal Rule 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.

40.     The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests  of  the other members not party to the adjudications or substantially impair or impede their ability to protect their interests.

41.     Absent this action, the Plaintiff and the class members likely will not obtain redress of their injuries and Defendants would retain the proceeds of their violations of the laws of the District of Columbia.

## **COLLECTIVE ACTION ALLEGATIONS**

42.     In addition to pursuing this action as a Class Action for violations of the DCMWA under Federal Rule of Civil Procedure 23, Plaintiff is pursuing this action as an FLSA collective action on behalf of Plaintiff and all other similarly situated bartenders.

43.     The collective action class is defined as:

> All current and former bartender employees employed by Defendants in the District of Columbia who were required to perform non-exempt work at a rate less than the minimum wage established in the District of Columbia and who were required to share their tips with non-tipped employees and/or who were not paid over-time wages for all hours worked in excess of 40 in any given work week.

44.     The question of law or fact common to the members of the collective-action class predominate over any questions affecting only individual collective action class members.

45.     The essence of this entire case is that the Plaintiff and all other similarly situated bartenders were required to perform non-exempt work and to share their tips with non-tipped employees while only receiving wages under the tipped-employee exemption of the FLSA.

46.     In the present case, the number of collective action class members is believed to exceed 100 current and former bartenders.

47.     All class members are readily identifiable from information and records, on information and belief, in the possession and control of Defendants.

## CAUSES OF ACTION

## COUNT 1:
### Violation of the Federal Fair Labor Standards Act

48.    Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-47 as if each were set forth herein.

49.    Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the minimum wage, currently $9.50 in the District of Columbia and previously $8.25 prior to July 1, 2014.

50.    At all times, Plaintiff and all other similarly situated bartenders were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1).

51.    At all times, Defendants were Plaintiffs' "employers" under the FLSA.

52.    Defendants, as employers of Plaintiff and other bartender employees, were obligated to compensate Plaintiffs for all hours worked at an hourly rate of not less than $8.25 per hour prior to July 1, 204 and $9.50 per hour from July 1, 2014, to present.

53.    At all times, Defendants paid Plaintiff and all other similarly situated bartender employees less than the required minimum wage.

54.    At all times, Plaintiff and all other similarly situated bartender employees were required to perform non-exempt work such as cleaning bathrooms, and other public and private areas of the Establishment but were not paid at least the minimum wage for that non-exempt work.

55.    At all times, Plaintiff and all other similarly situated bartender employees were not permitted to keep all the tips received by them because they were forced to share those tips with non-exempt employees such as bar-backs and floor employees who were not tipped by customers.

8

56. The FLSA allows employers to pay less than the minimum wage to employees who receive tips only if specific criteria as set forth in 29 U.S.C. § 203(m) are met.

57. The key components of the tipped employee exemption to the FLSA is that the employee be permitted to retain all the tips received and that the employee be given formal notice that the employer would be utilizing the tipped-employee exemption to the FLSA.

58. As stated above, Defendants required Plaintiff and all other similarly situated bartenders to share their tips by requiring Plaintiffs to give barbacks 20% of their tips each night and requiring bartenders to give floor personnel at least $20 from the bartenders' tips each night.

59. Because Defendants did not permit Plaintiffs to retain all their tips, Defendants cannot take advantage of the tipped-employee exception to the FLSA and so owe full wages to all bartenders employed under this common scheme.

60. Moreover, Defendants failed to provide any notice to Plaintiffs that Defendants intended to utilize the tipped-employee exemption to the FLSA.

61. Defendants did not pay Plaintiffs overtime wages for all hours worked in excess of 40 hours in any given work week.

62. Defendants' failure and refusal to pay compensation and overtime compensation to Plaintiff and all other similarly situated bartenders wages for non-exempt work, as well as Defendants' failure to provide notice of Defendants' intention to utilize the tipped-employee exemption, and the deprivation of tips by requiring Plaintiffs to give their tips to non-tipped employees was willful, intentional, not in good faith, and, on information and belief, not based on any guidance from the U.S. Department of Labor, or any agency in the District of Columbia.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and all other similarly situated bartenders who have joined this suit for unpaid minimum wages in such

amounts as are to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT 2:
### Violation of the District of Columbia Minimum Wage Act Revision Act of 1992

63.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-62 as if each were set forth herein.

64.     Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

65.     Defendants, as Plaintiffs' employers under the DCMWA were obligated to compensate Plaintiffs at the rate of $8.25 per hour before July 1, 2014 and at a rate of $9.50 starting on July 1, 2014, for all hours worked.

66.     As set forth above, while in Defendants' employ, Plaintiffs received far less than the minimum wage required by D.C. law.

67.     Defendants failure and refusal to pay Plaintiffs minimum wage and overtime compensation as required by DCMWA was willful, intentional, not in good faith, and not as a result of any bona fide dispute.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and all other similarly situated bartenders who have joined this suit for unpaid minimum wages in such amounts as are to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,


/s/\
Ken C. Gauvey
Bar No.  982088
The Law Practice of Ken C. Gauvey, LLC
111 South Calvert Street
Suite 2700
Baltimore, MD  21202
Phone: 410-385-5264
Fax:     866-487-1154
Email: kgauvey@gauveylaw.com

*Counsel for Plaintiffs*