**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
SARA WILSON,                   )
On behalf of herself and all   )
others similarly situated,     )
                               )
         Plaintiff,            )
                               ) Civ. Action No. 14-1522 (EGS)
     v.                        )
                               )
HUNAM INN, INC., et al.        )
                               )
         Defendants.           )
_____)
```

**MEMORANDUM OPINION**

Plaintiff Sara Wilson, on behalf of herself and all others similarly situated, brings this action against Defendant Hunam Inn, Inc., and individual Defendants Donald Eric Little, and David Perruzza, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the D.C. Minimum Wage Act (DCMWA), D.C. Code § 32-1001 *et seq.* Defendants move for partial dismissal of Ms. Wilson's complaint, or in the alternative, for partial summary judgment. Upon consideration of the motion, the response and reply thereto, the entire record, and the applicable law, Defendants' motion is DENIED.

**I.   BACKGROUND**

Ms. Wilson is a former bartender at a D.C. nightclub operated by Defendant Human Inn, Inc. Compl., ECF No. 1 at ¶¶ 1, 2. Human Inn, Inc. is a D.C. corporation doing business under

the names "Cobalt" and "30 Degrees." *Id.* at ¶ 2. Defendant Donald Eric Little is the sole owner and President of Human Inn, Inc. *Id.* at ¶ 3; *see also* Defs.' Mot., ECF No. 8-2 at ¶ 3. Defendant David Perruzza is a corporate officer at Human Inn, Inc., whose responsibilities include signing payroll checks. Compl., ECF No. 1 at ¶ 4; Defs.' Mot. at 8-2 at ¶ 4.

Ms. Wilson alleges that while employed as a bartender at Cobalt, she was not paid minimum wage or overtime. Compl., ECF No. 1, at ¶¶ 14, 15. Ms. Wilson alleges that her employers used an invalid "tip pooling" arrangement to avoid paying their employees minimum wage. *Id.* at ¶¶ 18, 53, 55. While under certain circumstances the FLSA allows employers to pay "tipped employees" at an hourly rate below the minimum wage, Ms. Wilson argues that the tip pooling arrangement used at Cobalt failed to meet the statutory criteria. *Id.* at 56. First, Ms. Wilson alleges that under the tip pool system, she and the other bartenders were forced to share their tips with non-tipped employees, such as "bar backs" and "floor employees," who do not ordinarily receive tips from customers. *Id.* at ¶ 55. Second, at some point during Ms. Wilson's employ with Cobalt, the nightclub's cleaning staff was fired and Ms. Wilson and the other bartenders were required to assume additional cleaning duties, such as cleaning the nightclub bathrooms. *Id.* at ¶¶ 18-19. Ms. Wilson argues that these additional cleaning duties

were not exempt from the minimum wage requirement and that the bartenders should have been paid minimum wage for time spent performing this work. *Id.* at ¶ 18. She further alleges that the Defendants failed to provide her adequate notice that she would be compensated under the "tipped employee" exemption to the FLSA's minimum wage requirement. *Id.* at ¶ 60. Finally, Ms. Wilson alleges that she worked an average of 32 to 42 hours per week, but was not compensated for overtime work. *Id.* at ¶ 19.

On October 21, 2014, Defendants moved for partial dismissal of the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for partial summary judgment pursuant to Rule 56. Defs.' Mot., ECF No. 8-3. Defendants first move to dismiss Plaintiff's complaint as to Mr. Little and Mr. Perruzza, arguing that Mr. Little and Mr. Perruzza are not "employers" under the FLSA or DCMWA and therefore not liable under the law. *Id.* at 6-8. Second, Defendants argue that Ms. Wilson has failed to sufficiently plead a "willful" violation of the FLSA, and that therefore, Plaintiff's "third year" FLSA claims should be dismissed. *Id.* at 8-9.

In the alternative, Defendants move for partial summary judgment. First, Defendants argue that Ms. Wilson never worked more than 40 hours per week and therefore, the Court should grant summary judgment for the Defendants on Ms. Wilson's

3

overtime claims under the FLSA and DCMWA. Defs.' Mot., ECF No. 8-3 at 10-11. Second, Defendants rearticulate their claims that Mr. Little and Mr. Perruzza are not Ms. Wilson's employers and seek summary judgment as to themselves individually. *Id.* at 13-16.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the [D]efendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). While detailed factual allegations are not necessary, Plaintiff must plead enough facts to "raise a right to relief above the speculative level." *Id.*

When ruling on a Rule 12(b)(6) motion, the court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). The court must construe the complaint liberally in Plaintiff's

favor and grant Plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court must not accept inferences that are "unsupported by the facts set out in the complaint." *Id.* "Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)(internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing there is a genuine issue for trial". *Id.* at 324. A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is only "material" if it is capable of affecting

the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In considering whether there is a genuine dispute as to material fact, the court must draw all reasonable inferences in favor of the non-moving party. *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

**III. ANALYSIS**

**A. Ms. Wilson has sufficiently pleaded that Mr. Little and Mr. Perruzza are her employers under the FLSA and DCMWA**

Mr. Little and Mr. Perruzza argue that Ms. Wilson's allegations are insufficient to establish that they were her "employers" under the FLSA or DCMWA. Defs.' Mot., ECF No. 8-3 at 6. Accordingly, the individual Defendants seek dismissal of the complaint.[1] The FLSA defines employer to include "any person acting directly or indirectly in the interest of the employer in relation to any employee. . ." 29 U.S.C. § 203(d). The DCMWA contains nearly identical language. *See* D.C. Code § 32-1002 ("The term 'employer' includes any individual, partnership, association, corporation, business trust, or any other person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee. . ."). Accordingly, courts construe the federal and local statues coterminously for

---

[1] Hunam Inn, Inc. does not dispute that it was Ms. Wilson's employer.

purposes of determining who is liable as an employer. *See Guevara v. Ischia, Inc.*, 47 F. Supp. 3d 23, 26 (D.D.C. 2014); *Villar v. Flynn Architectural Finishes, Inc.*, 664 F. Supp. 2d 94, 96 (D.D.C. 2009).

The Supreme Court has emphasized the "expansiveness of the Act's definition of 'employer.'" *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Indeed, the definition of employer is "necessarily a broad one in accordance with the remedial purpose of the Act." *Morrison v. Int'l Programs Consortium*, 253 F.3d 5, 11 (D.C. Cir. 2001).[2] In determining whether a party should bear liability as an employer, courts look to the "economic reality" of the employment relationship. *Morrison*, 253 F.3d at 10-11. Courts must assess the "totality of the circumstances," considering factors such as whether the putative employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work; (3) determined the rate and method of payment, and (4) maintained employment records. *Id.* at 11 (quoting *Henthorn v. Dept of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994)).

---

[2]*See also United States v. Rosenwasser*, 323 U.S. 360, 361 (1945) ("[t]his legislation was designed to raise substandard wages and to give additional compensation for overtime work as to those employees within its ambit, thereby helping to protect this nation 'from the evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" (Quoting S. Rep. No. 75-844, at 4 (1937)).

7

An employee may have more than one employer under the FLSA. *Ventura v. Bebo Foods, Inc.*, 739 F. Supp. 2d 1, 5 (D.D.C. 2010). Application of the economic reality test may demonstrate that corporate officers, along with the corporation itself, are liable as employers. *Id.* Indeed, the "overwhelming weight of authority" considers a corporate officer with "operational control of a corporation's covered enterprise" an employer under the FLSA. *See Ruffin v. New Destination*, 800 F. Supp. 2d 262, 269 (D.D.C. 2011) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (2nd Cir. 1983)). Further, "[o]ne who is the chief executive officer of a corporation, has significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for purposes of FLSA." *Ruffin*, 800 F. Supp. 2d at 269 (citing *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995)).

Ms. Wilson's complaint alleges that the individual Defendants were officers of Hunam Inn, Inc. with "primary responsibility for the operation and management of the Establishment, including establishing working conditions and controlling the schedule and wages paid to individuals working for Defendant Hunam Inn, Inc." Compl. ECF No. 1 at ¶¶ 3, 4. According to Ms. Wilson, "Defendants hired Plaintiff and all similarly situated bartenders, had the ability to discipline

them, fire them, schedule them, and adjust their schedules and wages." *Id.* at ¶ 24. Further, Ms. Wilson alleges that the Cobalt employees' pay and "opportunity for wages and income was limited to the pay method set exclusively by Defendants." *Id.* at ¶ 26.

In moving to dismiss Plaintiff's complaint as to themselves individually, Defendants Mr. Little and Mr. Perruzza do not dispute that they are corporate officers of Hunam Inn, Inc. Defs.' Mot., ECF No. 8-2 at ¶¶ 3, 4. Defendants' only argument is that Ms. Wilson's complaint is legally insufficient because her allegations are "nothing more than a formulaic recitation of various prongs of the economic reality test" and that her allegations are "insufficient to raise Plaintiff's right to relief above a speculative level." *Id.*, ECF No. 8-3 at 7.

Mr. Little is the owner of Hunam Inn, Inc. Compl., ECF No. 1 at ¶ 3. A Defendant's ownership interest in an employer corporation, while not dispositive of employer status under the FLSA, certainly raises a plausible inference that the individual possessed the requisite "operational control" over the covered entity. *See Ruffin*, 800 F. Supp. 2d at 269; *Villar*, 664 F. Supp. 2d at 97 (D.D.C. 2009).

As Vice President of Hunam Inn, Inc., Mr. Perruzza is a corporate officer. Corporate officers are liable as employers under the FLSA as long as the officer acts, or has the power to act, on behalf of the corporation vis-à-vis its employees. *See*

9

*Donovan*, 712 F.2d at 1511 (citing *Donovan v. Sabine Irrigation CO., Inc.*, 695 F.2d 190, 194 (5th Cir. 1983) (abrogated on other grounds)); *see also Finke v. Kirtland Cmty College Bd. of Trustees*, 359 F. Supp. 2d 593, 598-599 (E.D. Mich. 2005).

In sum, Ms. Wilson alleges that Mr. Little and Mr. Perruzza supervised Ms. Wilson's working conditions and controlled her schedule and wages. Compl., ECF No. 1 at ¶¶ 3, 4. They had the ability to hire and fire the corporation's employees and to set their wages and schedules. *Id.* at ¶¶ 24, 26. These allegations are sufficient to state a plausible claim under the economic reality test. Accordingly, Defendants' motion to dismiss the complaint as to Mr. Little and Mr. Perruzza is denied.

### B. Given the fact-intensive nature of the willfulness inquiry, dismissing Ms. Wilson's "third-year" claim prior to discovery would be premature

Defendants argue that Plaintiff has failed to allege facts capable of supporting an inference of willfulness and seek dismissal of the complaint as to her "third year" claims. Defs.' Mot., ECF No. 8-3 at 8-9. Ms. Wilson claims that the Defendants' failure to pay minimum wage for non-exempt work, failure to provide notice of the use of the tipped-employee exemption, and failure to allow bartenders to retain their tips in full demonstrate a "willful violation" of the applicable law, thereby entitling her to a third year of damages. Compl., ECF No. 1 ¶¶ 62, 67.

The FLSA contains a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for a "cause of action arising out of a willful violation." 29 U.S.C. § 255. A violation is willful where the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Rickland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also Saint-Jean v. District of Columbia*, 846 F. Supp. 2d 247, 255 (D.D.C. 2012). Courts have found willful violations in cases where the Defendant knew the FLSA applied, but made no effort to ascertain whether their payroll practices complied with the law. *See Ayala v. Tito Contractors*, -- F. Supp. 3d --, No. 13-CIV-1603, 2015 WL 968113, at *3 (D.D.C. Mar. 4, 2015).

The determination of willfulness for purposes of the FLSA is necessarily fact-specific. *Figueroa v. District of Columbia*, 923 F. Supp. 2d 159, 167 (D.D.C. 2013). As such, the issue of willfulness is often left to the ultimate trier of fact. *See Figueroa*, 923 F. Supp. 2d at 167; *Youngblood v. Vistronix, Inc.*, No. 05-CIV-21, 2006 WL 2092636, at *5 (D.D.C. July 27, 2006); *Wright v. U-Let-Us Skycap Servs.*, 648 F. Supp. 1216, 1218 (D.Colo. 1986). Indeed, some courts consider determination of the willfulness issue wholly inappropriate at the motion to dismiss stage. *Acosta Colon v. Wyeth Pharm. Co.*, 363 F. Supp. 2d

24, 29 (D.P.R. 2005); *see also Hunter v. Sprint Corp.*, 453 F. Supp. 2d 44, 54 (D.D.C. 2006)("a determination about the applicable statute of limitations cannot precede a determination that the employer is, in fact, liable."). Other courts have allowed a Plaintiff's complaint to survive a 12(b)(6) motion so long as the Plaintiff's complaint contains an allegation of willfulness and the facts of the complaint, taken as a whole, "support more than an ordinary FLSA violation." *Mitchell v. C & S Wholesale Grocers, Inc.*, No. 10-CIV-2354, 2010 WL 2735655 at *12 (D.N.J. July 8, 2010).

The Court finds it plausible on the facts alleged that Ms. Wilson will be able to demonstrate a willful FLSA violation. Here, Plaintiff alleges a fairly elaborate tip pooling scheme wherein Defendants (1) fired those employees to whom they would have to pay minimum wage, such as the cleaning staff, (2) required their bartenders to perform cleaning duties, for which the bartenders were neither tipped nor paid minimum wage, and (3) required the bartenders to share their tips with non-tipped employees. Compl., ECF No. 1 at ¶¶ 16-23. As Defendants acknowledge, the ultimate merits of Plaintiff's minimum wage claim will turn on whether the scheme employed by Defendants complied with the FLSA's "tipped employee" exemption. Defs.' Mot., ECF No. 8-3 at 12. Defendants maintain that their policy is compliant. *Id.* at 2 n.2, 12.

The Court need not comment on the propriety of the Defendants' tip pooling scheme for purposes of ruling on this motion. Regardless of the ultimate outcome on that issue, Ms. Wilson alleges that Defendants never notified her that Defendants would be using the tipped employee exception to the FLSA's minimum wage requirement,[3] and she alleges that she was never paid overtime for work performed in excess of 40 hours per week.[4] *Id.* at ¶¶ 16, 60. Discovery on these allegations will inform the determination of whether or not these violations were willful. Accordingly, Defendants' motion to dismiss Plaintiff's third-year claims is denied.

### C. Ms. Wilson is entitled to discovery on her overtime claims

The Defendants argue that they are entitled to summary judgment on Ms. Wilson's overtime claims because, according to Defendants, Ms. Wilson never worked more than 40 hours per week. Defs.' Mot., ECF No. 8-3 at 10. In support of this contention, Defendants attach a declaration from Steven Smith, payroll manager for Hunam Inn, Inc., and a series of photocopies purporting to be Plaintiff's time records. *Id.* at 8-4, 8-5. In

---

[3] The FLSA includes a notice requirement for employers intending to use the "tipped employee" exemption to the minimum wage requirement. 29 U.S.C. § 203(m).

[4] Under the FLSA, all employers are required to pay time and a half for each hour in excess of forty hours per week that an employee works. 29 U.S.C. § 207.

his declaration, Mr. Smith provides that "[e]ach week the bar managers provide me with time records of the bartenders," and that "[a]ccording to the time records, Ms. Wilson never worked more than 40 hours in a workweek in the time period reflected in the records." *Id.*, ECF No. 8-4 at ¶¶ 2-3. The attached records do not reflect Plaintiff working in excess of 40 hours per week during any workweek reflected in the records. *Id.*, ECF No. 8-5. Plaintiff argues that she needs discovery to test the veracity of Mr. Smith's claims and the accuracy of the purported time records. Pl.'s Op. at 18.

Generally, courts are reluctant to consider a motion for summary judgment prior to discovery. *Convertino v. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) ("summary judgment is premature until all parties have had a full opportunity for discovery")(internal citations and quotation marks omitted); *Americable Int'l v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C.Cir. 1997)("summary judgment ordinarily is proper only after the [P]laintiff has been given adequate time for discovery")(internal citations and quotation marks omitted).

Upon review of the parties' filings, the Court concludes that Defendants' motion for summary judgment is premature. Ms. Wilson should be allowed to develop her claims through discovery. Further, Rule 56(c) requires that an "affidavit or declaration used to support or oppose a [summary judgment]

14

motion must be made on personal knowledge. . . ." Mr. Smith's declaration that Ms. Wilson never worked more than 40 hours per week is not based on personal knowledge, rather Mr. Smith acknowledges that his statements are made based on records provided to him by the bar manager. Defs.' Mot. 8-4. Mr. Smith expresses no opinion as to the accuracy of the purported records, how the records were completed or maintained, or whether Plaintiff was allowed to report all the time she worked. Ms. Wilson is entitled to discovery to test the accuracy and authenticity of Defendant's exhibits.[5] Accordingly, Defendant's Motion for Summary Judgment as to Ms. Wilson's overtime claims will be denied without prejudice as premature.

### D. Ms. Wilson is entitled to discovery on whether the individual Defendants are her employers under the FLSA and DCMWA

As stated above, Ms. Wilson has plausibly stated a claim against Mr. Little and Mr. Perruzza under the economic reality

---

[5] Defendants make much of the fact that Plaintiff's Rule 56(d) Declaration is silent as to her overtime claims. Defs.' Rep., ECF No. 11 at 15-17. Defendants argue that by failing to address this point in her declaration, Plaintiff has effectively conceded her lack of overtime work as undisputed. *Id.* at 15. Such a result is unnecessary. "[D]istrict courts should construe motions that invoke [Rule 56(d)] generously, holding parties to the rule's spirit rather than the letter." *Conventino*, 648 F.3d at 99; *see also Richie v. Vilsack*, 287 F.R.D. 103, 106-07 (D.D.C. 2012)(denying Defendant's summary judgment motion and allowing Plaintiff to proceed to discovery on both her discrimination and retaliation claims, even where Plaintiff's Rule 56(d) declaration was silent as to her retaliation claims).

15

test. Further, in light of the broad policy of allowing both parties an adequate opportunity for discovery prior to ruling on a motion for summary judgment, Defendants' motion is premature at this time. Should the evidence ultimately reveal that defendants are not, in fact, Ms. Wilson's employers, defendants remain free to renew their motion for summary judgment upon the close of discovery. Accordingly, Defendants' motion for summary judgment as to Mr. Little and Mr. Perruzza will be denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Partially Dismiss Plaintiff's Complaint or, in the alternative, for Partial Summary Judgment is DENIED. An appropriate order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            September 1, 2015**