## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Agreement") is entered into by and between Sarah Wilson ("Ms. Wilson" or "Plaintiff") and Hunam Inn, Inc. d/b/a Cobalt/30 Degrees ("Company"), Donald Eric Little ("Mr. Little"), and David Perruzza ("Mr. Perruzza") (collectively referred to as "Defendants") (Defendants and Plaintiff jointly referred to as the "Parties").

It is understood and agreed that the purpose of this Agreement is to formally resolve and settle all claims and disputes between the Parties, including the claims set forth against the Defendants in *Wilson v. Hunam Inn, Inc. d/b/a Cobalt/30 Degrees, et al.*, Case No. 14-cv-1522 in the U.S. District Court for the District of Columbia (the "Lawsuit") and other claims that arose prior to the execution of this Agreement. The Parties desire fully and finally to resolve the Lawsuit and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Ms. Wilson relating to conduct or events occurring at any time prior to and including the effective date of this Agreement. In furtherance of this goal, and in consideration of the mutual covenants and promises herein, the sufficiency of which is hereby acknowledged, the parties have agreed upon the following terms:

1.  In consideration for this Agreement, the Company agrees to pay the total sum of TWELVE THOUSAND DOLLARS AND ZERO CENTS ($12,000.00). Of this sum, Four Thousand Dollars and Zero Cents will be considered as alleged wages and will be paid less lawful deductions and withholdings, reportable on an IRS Form W-2, made payable to Ms. Wilson. Four Thousand Dollars and Zero Cents will be considered as alleged liquidated damages and will be reportable on a W-9, which Ms. Wilson agrees to provide. The final Four Thousand Dollars and Zero Cents will be made payable to The Law Practice of Ken C. Gauvey, LLC.

2.     The above payment shall be made ten (10) business days after the latest date on which each of the following events occurs:  (a) the Company receives an original of this Agreement executed by Plaintiff and her counsel; (b) the Company receives executed IRS Form W-4 for Plaintiff; and (c) the District Court approves the Parties' Joint Motion to Approve Settlement Agreement in accordance with Paragraph 7 of this Agreement.

3.     In exchange for the payment identified in Paragraph 1 and in exchange for the other consideration supporting this Agreement, Ms. Wilson, on her own behalf, and on behalf of her heirs, executors, administrators, and assigns, fully, finally, and forever agree unconditionally to release and discharge the Defendants and any and all affiliated businesses, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, and representatives ("Released Parties"), from any and all claims that Ms. Wilson might otherwise have had a right to pursue against the Company or any of them at any time prior to the execution of this Agreement and from any and all claims otherwise relating to any facts, circumstances, or other matters which arose at any time prior to the execution of this Agreement.  The parties understand the word "claims" to include, without limitation, any complaints, charges, disputes, rights, wage or benefit payment issues, damages or liabilities of any kind against Defendants that may have arisen during or related to their employment with the Company, including any and all claims that could be brought under any federal or state statute, regulation, executive order, public policy or other law that provides protection to employees or other individuals, and including the claims brought by Ms. Wilson in the Lawsuit.  These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; the Equal Pay Act; the Americans with Disabilities Act; the Family Medical Leave Act; the Fair Labor Standards Act of 1938; Employee Retirement Income Security Act, as to vested rights; the

District of Columbia Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1000, *et seq.*; District of Columbia Wage Payment and Collection Law, D.C. Code §§32-1301, *et seq.*; the District of Columbia Human Rights Act, D.C. Code Ann. §§ 2-1401.02, 2-1401.03; and any other laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state, or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorney's fees.  This release does not extend to claims that cannot be released as a matter of law, but the parties acknowledge their intent that this release be construed as broadly as legally permissible.

4. Ms. Wilson represents that no charges, complaints, or other proceedings are pending in any court or administrative agency, commission, or other forum relating directly or indirectly to her employment with the Company, except the Lawsuit.  Ms. Wilson understands that following the effective date of this Agreement, the Agreement will be final and binding.  Ms. Wilson promises not to pursue any claim settled by this Agreement.  If Ms. Wilson breaks this promise, she agrees to pay the Company's costs and expenses (including reasonable attorneys' fees) related to the defense of any such claims.

5. Nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as applicable on the date Ms. Wilson signs this Agreement, (iii) that may arise after Ms. Wilson signs this Agreement, or (iv) which cannot be released by private agreement. Nothing in this Agreement shall interfere with Ms. Wilson's right to file a charge, cooperate, or participate in an investigation or administrative proceeding conducted by the Equal Employment Opportunity Commission or state fair employment practices agency, or other federal, state, or

local regulatory or law enforcement agency or governmental body including, but not limited to, the National Labor Relations Board, the Securities and Exchange Commission, or the Department of Labor. However, the consideration provided to Ms. Wilson in this Agreement will be the sole relief provided to her for these released claims, and she will not be entitled to recover, and she agrees to waive any monetary benefits or recovery against Defendants in connection with any such claim, charge, or proceeding without regard to who has brought the complaint or charge.

6. This Agreement does not constitute an admission by Defendants of any violation of any law or statute, and the Parties agree that Defendants' willingness to settle the claims in the Lawsuit is not an admission of any liability regarding any claim or legal theory. Defendants specifically disclaim liability to Ms. Wilson, or any other person, for any alleged violation of any order, law, statute, duty, or contract on the part of Defendants. Ms. Wilson shall not be considered the prevailing party for any purpose.

7. Ms. Wilson agrees to file any papers with the Court that are necessary to obtain a dismissal with prejudice of the Lawsuit, including a Joint Motion to Approve Settlement Agreement and proposed Order. The Parties and their counsel agree to cooperate in good faith and take any needed actions to obtain final approval of the Agreement and to implement the terms and conditions of the Agreement. The Parties agree that each party will bear its own costs, expenses and attorneys' fees in connection with the litigation and settlement of the Lawsuit, except as otherwise provided above, and that this Agreement is a complete and final settlement of all disputes existing between them as of the date this Agreement is executed.

8. Ms. Wilson understands and agrees that this Agreement applies not just to her, but also to her heirs, executors, administrators and other agent or representative. Ms. Wilson hereby

state that she has the sole right and exclusive authority to execute this Agreement and that she has not sold, assigned, transferred or conveyed in any other manner any rights covered by this Agreement. Ms. Wilson agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, courts costs, expenses (including attorney's fees), causes of action or judgments based on or arising out of any such assignment or transfer. She further represents that there is nothing that would prohibit her from entering into this Agreement.

9. Ms. Wilson acknowledges no representation, promise, or inducement has been made other than as set forth in this Agreement, and that she enters into this Agreement without reliance upon any other representation, promise, or inducement not set forth herein. Ms. Wilson further acknowledges and represents that she assumes the risk for any mistake of fact now known or unknown, and acknowledge the consequences of this Agreement and represent that its terms are fully understood and voluntarily accepted. Ms. Wilson also acknowledges that, prior to executing this Agreement, she (a) has consulted with an attorney of her choosing concerning this Agreement and have been satisfied with the legal representation; and (b) has read and understood this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on her own judgment and/or her attorney's advice. Ms. Wilson acknowledges that she has been given a reasonable time to consider the terms of this Agreement. She further understands and acknowledges that she is only releasing claims in paragraph 2 of this Agreement that arose prior to the execution of this Agreement.

10. Ms. Wilson is and shall be solely responsible for all federal, state, and local taxes that may be owed by virtue of her receipt of any portion of the payments provided under this Agreement.

11.     Ms. Wilson agrees to not, directly or indirectly, whether verbally or in writing, disparage the Company, Mr. Little, Mr. Perruzza, or any of the Released Parties with regard to the terms of this Agreement. Such prohibited disparagement shall include, but is not limited to, communicating or disclosing any information or communications to anyone or entity regarding the terms of this Agreement that is intended to or has the effect of having any negative impact on any of the Released Parties, the Company, Mr. Little, Mr. Perruzza, and their business or reputation in the marketplace, unless such communication is required pursuant to a lawfully issued subpoena or by Court order.

12.     Mr. Little and Mr. Perruzza agrees to not, directly or indirectly, whether verbally or in writing, disparage Ms. Wilson in any manner, including but not limited to Ms. Wilson work for Defendants or relating to the facts alleged in this action. The Company, however, will only provide Ms. Wilson with a neutral reference, which will include dates of employment, position, and hourly wage. Information regarding eligibility for rehire will not be provided.

13.     The Parties acknowledge that this Agreement was jointly prepared and/or reviewed by them, by and through their respective legal counsel, and any uncertainty or ambiguity existing herein shall not be interpreted against any of the Parties, but otherwise according to the application of the rules on interpretation of contracts. The Parties further acknowledge that each has had ample opportunity and reasonable period of time to consult with counsel and to read and review this Agreement and understand all of its terms. The Parties expressly understand and agree that the consideration specifically stated herein is the sole consideration for this Agreement. The undersigned Parties agree to the terms of this Agreement and are signing this Agreement freely and voluntarily without coercion or undue influence.

14. This Agreement may be executed in one or more counterparts, and by electronic format or facsimile signature, each of which shall be deemed an original and all of which constitute one in the same Agreement.

15. The laws of the District of Columbia shall apply to any disputes arising from or r this Agreement, or with respect to its interpretation, without regard to its conflict of law iples, except where the application of federal law applies. In the event any of the parties to enforce the terms of this Agreement, they shall do so in the United States District Court he District of Columbia.

16. This Agreement sets forth the entire agreement between the Parties with respect to isputes or claims that Ms. Wilson has or could have had against Defendants, and fully rsedes any and all prior negotiations, agreements, or understanding, whether written or oral, een the parties pertaining to the subject matter of this Agreement. This Agreement shall not anged unless in writing and signed by all parties.

17. The invalidity or unenforceability of any provision of this Agreement shall not t or impair any other provisions, which shall remain in full force and effect. If any portion is Agreement is found invalid, Parties agree to enter into a full and general release by Ms. on that is not invalid.

ED: March 28 2016      _____
                                                      SARA WILSON

                                               Hunam Inn, Inc. d/b/a/ Cobalt/30 Degrees

ED: March ___, 2016      _____

- 7 -

DATED: April __, 2016

_____
DONALD ERIC LITTLE

DATED: April __, 2016

_____
DAVID PERRUZZA

REVIEWED AS TO FORM AND CONTENT

DATED: April __, 2016

/s/

_____

The Law Practice of Ken C. Gauvey, LLC

By:

Ken C. Gauvey, Counsel for Plaintiff

DATED: April 14, 2016

_____

LITTLER MENDELSON, PC

By:

Steven E. Kaplan, Counsel for Defendants